**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**LEE MARK HARRIS**  **PETITIONER**
**ADC #094116**

**VS.**      **CASE NO. 5:13CV00090 KGB/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**    **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.**   **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Judge Kristine G. Baker.  Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## II.   Background

On November 27, 2007, a jury in Desha County, Arkansas, found Petitioner Lee Mark Harris guilty of possession of cocaine with intent to deliver. (Docket entry #7-1) As a result of the conviction, the Circuit Court of Desha County sentenced Mr. Harris to 80 years' imprisonment in the Arkansas Department of Correction. (#7-1, at p. 2)

Mr. Harris appealed his conviction and sentence; and the Arkansas Court of Appeals affirmed. *Harris v. State*, 2010 Ark.App. 123. The only issue on appeal was whether the state adequately proved that Mr. Harris constructively possessed the cocaine. (#7-9) The Arkansas Supreme Court denied Mr. Harris's petition for review on May 13, 2010, and the Court of Appeals mandate issued the same day. (#7-4)

Mr. Harris timely filed a Rule 37 petition for post-conviction relief with the trial court in Desha County on July 12, 2010. (#7-5) The trial court denied Mr. Harris's petition on May 10, 2011. (#7-6) Mr. Harris did not file a timely appeal; instead, he moved to file a belated appeal on October 13, 2011. (#7-7) The Arkansas Supreme Court denied the motion to file a belated appeal on March 29, 2012. (#7-8) Mr. Harris filed the pending petition on March 14, 2013. (#2)

Respondent Ray Hobbs argues that Mr. Harris's petition is barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1).  (#7)  For the reasons explained below, the Court must recommend that Judge Baker DISMISS Mr. Harris's petition, with prejudice.

### III.  The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one-year limitations period for a state prisoner to commence a habeas corpus proceeding under 28 U.S.C. § 2254.  The statute provides that the limitation period begins to run from, "the date on which the judgement became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

If the petitioner pursues direct review to the Supreme Court, judgment becomes final when the Supreme Court either affirms the conviction on the merits or denies the petition for *certiorari*. *Gonzalez v. Thaler*, __ U.S. __, 132 S.Ct. 641, 653 (2012).  If the petitioner does not pursue direct review in the Supreme Court, the judgment becomes final at the expiration of the time to seek review in the Supreme Court, which is ninety days after the conclusion of the petitioner's direct appeal in the state system. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012)(citations omitted).

The Supreme Court may review judgments of a state court of last resort or of a lower state court if the state court of last resort has denied discretionary review. *Gonzalez*, 132 S.Ct. at 656 (citations omitted).  For petitioners who do not seek review in

the state court of last resort, the judgment becomes final when the time for seeking such review expires.  *King*, 666 F.3d at 1135.

In this case, the Arkansas Court of Appeals affirmed the Desha County conviction on February 11, 2010.  Mr. Harris then sought review by the Arkansas Supreme Court.  The Arkansas Supreme Court denied Mr. Harris's petition for review on May 13, 2010.  (#7-4)  His judgment became final ninety days from this date, August 12, 2010, when his time to seek certiorari expired.  Mr. Harris then had one year to file a petition for federal habeas corpus relief.

Mr. Harris did not file this federal habeas petition until March 14, 2013, well over a year after his judgment became final.  Accordingly, Mr. Harris's claims are barred unless the statute of limitations can be tolled.

A.     *Statutory Tolling*

Under title 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."

In this case, Mr. Harris mailed his Rule 37 petition for post-conviction relief to the Desha County Circuit Court on July 9, 2010.  (#7-5)  This filing tolled the limitations period.  Because Mr. Harris's judgment had not yet become "final" by the expiration of the time to seek *certiorari*, the limitations period had not yet begun to run.

The trial court denied Mr. Harris's Rule 37 petition on May 10, 2011. (#7-6) Mr. Harris did not file a timely appeal, so the limitations period began to run on June 10, 2011, the date his time to appeal expired. See Ark. R. App. P. Civ. 4(a)(notice of appeal must be filed within thirty (30) days of the entry of the order appealed from); see also *Streu v. Dormire*, 557 F.3d 960, 966 (8th Cir. 2009)(limitations period tolled until the time for filing a notice of appeal from the circuit court's order expired).

The period between the expiration of time to appeal the denial of the post-conviction petition on June 10, 2011, and the filing of the motion for belated appeal on October 13, 2011, counted against Mr. Harris for purposes of calculating the limitations period. This span accounts for 124 days of the one-year limitations period.

Mr. Harris then moved to file a belated appeal on October 13, 2011 (#7-7), which the Arkansas Supreme Court denied on March 29, 2012. (#7-8) Respondent concedes that the limitations period was tolled while the motion to file a belated appeal was pending. (#7, at p. 3) See *Streu*, 557 F.3d at 965 (motion to reopen post-conviction proceedings tolled limitations period).

The limitations period began to run again when the Arkansas Supreme Court denied the motion. *Id*. (application is "pending" until the possibility the appellate court will consider the application no longer remains). Mr. Harris placed his pending petition in the mail for filing on March 11, 2013. (#2) The period between the Arkansas Supreme

Court's denial of Mr. Harris's motion for belated appeal and the filing of the pending petition accounts for 346 days of the one-year limitations period.

Giving Mr. Harris every possible benefit in calculating the limitations period, at least 470 days that counted toward the limitations period elapsed before he filed the pending petition. Accordingly, Mr. Harris's claims are barred by the statute of limitations unless he is entitled to equitable tolling.

B. *Equitable Tolling*

The limitations period set forth in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling, however, only if he shows that he has pursued his rights diligently but extraordinary circumstances stood in his way and prevented a timely filing. *Id*. at 2562 (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). While equitable tolling is a recognized exception to the one-year limitations period, it affords an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

Here, Mr. Harris acknowledges that he filed his petition past the one-year statute of limitations. (#2, at p. 7) He claims that limited access to the Varner law library, the loss of appeal documents in electronic format, and a lack of legal assistance during the post-conviction process should toll the limitations period. (#2, at p. 7) None of these explanations provides the type of extraordinary circumstance that would justify invoking

equitable tolling. It is settled law that pro se status, lack of legal knowledge or legal resources, and confusion about, or miscalculations of, the limitations period are inadequate grounds to warrant equitable tolling. See *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).

The loss of electronic documents apparently related to Mr. Harris's appeal, not the filing of this petition. Judging from the citation in Mr. Harris's brief, this loss of electronic documents occurred in 2011. (#2, at p. 7) At that point, Mr. Harris still had ample time to file the pending petition. This lack of filing shows that Mr. Harris did not diligently pursued his rights.

Even after the Arkansas Supreme Court denied Mr. Harris's motion for belated appeal, he still had about 240 days to timely file a federal habeas corpus action. In *Pace*, the United States Supreme Court found that a petitioner was not diligent when he waited five months after the judgment of conviction became final to file his petition. *Pace*, 544 U.S. at 419. The Eighth Circuit held that waiting 277 days after the Arkansas Supreme Court denied rehearing to file was not diligent. *Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010). Mr. Harris has not been diligent in pursuing his rights.

## IV. <u>Certificate of Appealability</u>

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. A certificate of appealability may issue only if Mr. Harris

has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253 (c)(1)-(2). In this case, Mr. Harris provides no basis for the Court to issue a certificate of appealability.

## V. Conclusion

Mr. Harris's claims for habeas relief are barred by the one-year limitations period established by 28 U.S.C. § 2244(d). Accordingly, the Court recommends that Lee Mark Harris's petition for writ of habeas corpus (#2) be DISMISSED with prejudice. The Court further recommends that no certificate of appealability be issued.

DATED this 23rd day of April, 2013.

_____
UNITED STATES MAGISTRATE JUDGE